IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| Jenna Amacher, | ) Case No: |
|     PETITIONER, | ) |
| v. | ) |
| State of Tennessee; Tre Hargett, Secretary of State; and the Tennessee Election Commission | ) |
|     RESPONDENT, | ) |

## COMPLAINT

Comes now the Plaintiff, **JENNA R. AMACHER**, a duly elected City of Tullahoma Alderman, in her personal and official capacity would respectfully plead unto this Honorable Court the following: The Defendant, in their personal and official capacity, along with the State of Tennessee, violates the Plaintiffs' constitutional rights, free speech and association, and due process rights, both directly and indirectly through the enactment of Tennessee Code Annotated 2-13-208 thereby infringing upon Plaintiff's First and Fourteenth Amendment rights.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States and under 28 U.S.C. § 1343 to hear Plaintiff's claims seeking declaratory and injunctive relief and to secure equitable relief under any Act of Congress providing for the protection of civil rights, Rules 57 and 65 of

the Federal Rules of Civil Procedure, and the general legal and equitable powers of this court.

2. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(1) as this is the judicial district where the defendants are found. Venue is also appropriate under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

3. Plaintiff Jenna Amacher is a resident of Tullahoma, Tennessee and continues to be a duly elected member of the City of Tullahoma Board of Mayor and Alderman.

4. Defendant Tre Hargett is the appointed Secretary of the State of Tennessee in his official capacity, the agent by which the state of Tennessee acts upon issuance of summons by complaint upon the State. Tre Hargett acts as the administrator of state election laws.

## GENERAL FACTS

5. On August 24th, 2021 Plaintiff was sworn in as a Tullahoma City Alderman, a municipally elected position after running on a ticket by which she was denied the opportunity to associate with her respective political organization.

6. Plaintiff is an active member of the local Republican Party. She was the 2018 County Clerk candidate on the Republican ticket and has served on the board of the Coffee County Young Republicans since 2018. She currently serves as Chairman.

7. Plaintiff intends to seek re-election upon completion of her term as City Alderman but, seeks the right to affiliate with her political organization on the voter ballot.

8. Tennessee Code Annotated 2-13-208 reads:

Municipal Elections to be nonpartisan.

    *a)* Notwithstanding other provisions of this part, municipal elections shall be nonpartisan. Municipal elections shall not require candidates to be nominated by political parties unless the municipality's charter specifically permits partisan elections. When a municipality's charter allows partisan elections, political parties may nominate candidates for municipal office by using the primary election provisions of this title or as otherwise authorized by the rules of the party.

    *b)* In any county having a metropolitan form of government, the election of the county mayor and the members of the legislative body of such metropolitan government shall be considered to be municipal elections within the meaning of this section; however, the provisions of this section shall not be construed to require a partisan election for any other officers of the metropolitan government if the charter of such metropolitan government provides that elections for such officers shall be nonpartisan.

## ISSUES

10. Under 42 U.S.C. 1983, T.C.A. 2-13-208 effectively violates the strict scrutiny standard constitutionally applied to political speech. The statute fails to justify a compelling government interest and is not narrowly tailored to achieve any such interest.

11. There was the deprivation of a right secured by the Constitution, specifically the First and Fourteenth Amendment as incorporated to the states.

12. The deprivation was caused by a person acting under color of state law and does not serve to advance a compelling state interest.

13. This prohibition directly hampers the ability of a party to spread its message and hamstrings voters seeking to inform themselves about the candidates and the campaign issues. See Tashjian, supra, 479 U.S., at 220-222, 107 S.Ct., at 552; Pacific Gas & Electric Co. v. Public Utilities Comm'n of California, 475 U.S. 1, 8, 106 S.Ct. 903, 907, 89 L.Ed.2d 1 (1986); Brown v. Hartlage, 456 U.S. 45, 60, 102 S.Ct. 1523, 1532, 71 L.Ed.2d 732 (1982); First National Bank of Boston v. Bellotti, 435 U.S. 765, 791-792, 98 S.Ct. 1407, 1423-1424, 55 L.Ed.2d 707 (1978). A "highly paternalistic approach" limiting what people may hear is generally suspect, Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 770, 96 S.Ct. 1817, 1829, 48 L.Ed.2d 346 (197 ); see also First National Bank of Boston, supra, 435 U.S., at 790-792, 98 S.Ct., at 1423-1424, but it is particularly egregious where the State censors the political speech a political party shares with its members.

14. Plaintiff asserts the statutory effect of delegating the right of political association to the individual municipalities is also unconstitutional. Under the application of 42 U.S.C. 1983, the unconstitutional statute violates the Plaintiff's equal protection of the laws. 42 USC Section 1983- Civil Action for Deprivation of Rights The Civil Action for Deprivation of Rights Act is commonly known as Section 1983. The purpose of the Act is to provide a private remedy for violations of Federal Law. Section 1983 states:

"Every person who under color of any statute, ordinance, regulation custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

15. Barring political parties from endorsing and opposing candidates not only burdens their freedom of speech but also infringes upon their freedom of association. It is well settled that partisan political organizations enjoy freedom of association protected by the First and Fourteenth Amendments. Tashjian, supra, 479 U.S. at 214, 107 S.Ct. at 548; see also Elrod v. Burns, 427 U.S. 347, 357, 96 S.Ct. 2673, 2681, 49 L.Ed.2d 547 (1976) (plurality opinion). Freedom of association means not only that an individual voter has the right to associate with the political party of her choice, Tashjian, supra, 479 U.S., at 214, 107 S.Ct., at 548 (quoting Kusper, supra, 414 U.S., at 57, 94 S.Ct., at 307), but also that a political party has a right to " 'identify the people who constitute the association,' " Tashjian, supra, 479 U.S., at 214, 107 S.Ct., at 548 (quoting Democratic Party of United States v. Wisconsin ex rel. La Follette, 450 U.S. 107, 122, 101 S.Ct. 1010, 1019, 67 L.Ed.2d 82 (1981)); cf. NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 460-462, 78 S.Ct. 1163, 1172, 2 L.Ed.2d 1488 (1958), and to select a "standard bearer who best represents the party's ideologies and preferences." Ripon Society, Inc. v. National Republican Party, 173 U.S.App.D.C. 350, 384, 525 F.2d 567, 601 (1975) (Tamm, J., concurring in result), cert. denied, 424 U.S. 933, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976).

.

16. Depriving a political party of the power to endorse suffocates this right. The endorsement ban prevents parties from promoting candidates "at the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community." Tashjian, supra, 479 U.S., at 216, 107 S.Ct., at 549. The same can be said for the statute in question.

17. The Supreme Court of the United States previously determined the preclusion of political parties endorsement of candidates in primaries was unconstitutional and violated first amendment freedom of speech and freedom of association as well as the fourteenth amendment equal protection under color of law. *Fong En v. San Francisco County Demoocratic Central Committee 109 S. Ct. 1013 (1989)*

Wherefore, Plaintiffs respectfully request that this Court:

1. Issue a preliminary injunction, later to be made permanent, restraining Defendants, their employees, agents, and successors in office from enforcing the Act;
2. Enter a judgment declaring that the Act is unconstitutional under the First Amendment to the United States Constitution;
3. Award Plaintiffs their reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988; and
4. Grant such other or further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

*(signature)*

Jenna R. Amacher

*(signature)*

James Threet
118 E. Fort. St.
Manchester, TN 37355
BPR 21943
jamesthreet@gmail.com
(931) 728-2481 phone
(931) 728-5333 fax

## Certificate of Service

I hereby certify that on this day I electronically filed the foregoing motion and attached affidavits with the Clerk of Court of the Middle District of Tennessee.

_____
_____
_____

This the 17th day of August, 2020

_____
James Threet, Attorney for Petitioner